IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OVERILLE DENTON THOMPSON, JR., INMATE #2425321, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-3020 |
| RONALD NICHOLAS, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

The plaintiff, Overille Denton Thompson, Jr. (Inmate #2425321), is currently in custody at the Harris County Jail. Thompson has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights and he seeks leave to proceed *in forma pauperis*. Because Thompson is incarcerated, the Court is required to scrutinize the pleadings and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings as required, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Thompson reports that he is presently in custody due to criminal charges (the nature of which he does not disclose) that are pending against him in Harris County, Texas.  Thompson complains that he is "unlawfully restrained" as a result of these charges, which are allegedly the result of a deficient search warrant authorized by the defendant, Ronald Nicholas, who serves as a magistrate judge for the State of Texas in Harris County.  Thompson maintains that Judge Nicholas was grossly negligent in authorizing the search warrant because the supporting affidavit lacked sufficient facts and did not establish the affiant's credibility or the requisite probable cause.  Arguing that Judge Nicholas violated his Fourth Amendment rights by authorizing the deficient search warrant, Thompson seeks $6,800,000.00 in damages.

## II.     DISCUSSION

Thompson's claims against Judge Nicholas fail as a matter of law because judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions.  *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  Allegations of bad faith or malice do not overcome judicial immunity.  *See id.*  Neither do allegations of procedural errors.  *See Mitchell*

*v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).  Judicial immunity may be overcome only by showing that the actions complained of were nonjudicial in nature or were taken in the complete absence of all jurisdiction.  *See Mireles*, 502 U.S. at 11-12.

Authorizing a search warrant is an act performed in the exercise of a judicial function.  *See Burns v. Reed*, 500 U.S. 478, 492 (1991) ("issuance of a search warrant is unquestionably a judicial act").  Thus, the allegations made by the plaintiff are insufficient to overcome Judge Nicholas' entitlement to immunity.  *See Avery v. Kratz*, 522 F. App'x 361, 363, 2013 WL 1449992, *2 (7th Cir. 2013) (concluding that a state court judge was protected by absolute immunity from Fourth Amendment claims arising out of a search pursuant to an allegedly invalid warrant); *Boatner v. Hinds*, 137 F. App'x 499, 501-02, 2005 WL 1526322, *1 (3rd Cir. 2005) (same). Because Judge Nicholas is immune from the plaintiff's suit, the complaint must be dismissed as legally frivolous and for seeking monetary damages from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

## III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.     The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2.     Officials in charge of inmate trust funds at the Harris County Jail are **ORDERED** to deduct funds from the account of Overille Denton

3

Thompson Jr. (Inmate #2425321) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3.    The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b).

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, electronic mail or facsimile to: (1) the Harris County Sheriff's Office, Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on _____ October 15 _____, 2015.


_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

4